IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TYLER TECHNOLOGIES, INC., | ) | Civil Action No. :   3:22-1991-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S ANSWER AND** |
| vs. | ) | **COUNTERCLAIM TO PLAINTIFF'S** |
| | ) | **COMPLAINT** |
| LEXINGTON COUNTY, SOUTH CAROLINA, | ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Defendant Lexington County, South Carolina (hereinafter "the County"), by and through its undersigned attorneys answering the Complaint of the Plaintiff alleges as follows:

## FOR A FIRST DEFENSE:

1. Each and every allegation of the Complaint not hereinafter specifically admitted is denied.
2. The County admits so much of Paragraph 1 of the Complaint as alleges that Tyler Technologies, Inc. (hereinafter "Tyler") is a software company, but the County lacks sufficient knowledge and information to form an opinion or belief as to the remaining allegations of Paragraph 1, and, therefore, denies the remaining allegations and would allege that Tyler does not have a contract with any other County in South Carolina for tax billing and collections.
3. The County admits Paragraph 2 of the Complaint, with the exception of Jeff A. Hyde, as the Procurement Manager for Lexington County, which is denied.
4. The County admits the allegations contained in Paragraphs 3, 4 and 5 of the Complaint.
5. The County admits so much of Paragraph 6 of the Complaint as alleges the contract term was two years, that was later extended, and that "Gap/Fit Analysis" will need to be done and the County would allege that there were meetings held between Tyler and the County in July and August, 2014 to address these issues.  The remaining allegations of Paragraph 6 are denied.
6. The County denies the allegations contained in Paragraphs 7, 8, 9 and 10 of the Complaint.
7. The County admits the allegations contained in Paragraph 11 of the Complaint.

1

8. The County admits so much of Paragraph 12 of the Complaint as alleges that 74 items in 7 categories were identified by the County and that Tyler attempted to resolve the items as described in Paragraph 12, but would deny that Tyler was successful in resolving all of the items and issues.

9. The County admits so much of Paragraph 13 of the Complaint as alleges that there continues to be data conversion issues, but denies that these errors were caused by the County and would allege that they were caused by Tyler. This County admits that testing by the County continues and the remaining allegations of Paragraph 13 .

10. The County admits the allegations contained in Paragraph 14 of the Complaint.

11. The County admits the December 7, 2021 letter from the County to the Plaintiff and the December 20, 2021 response from the Plaintiff, but denies the remaining allegations of Paragraph 15.

12. The County admits the allegations contained in Paragraph 16 of the Complaint.

13. The County admits so much of Paragraph 17 of the Complaint as alleges Tyler continues to maintain that it has not breached the Agreement, and that if it did, it cured these breaches in a timely manner, but the County denies that Tyler's assertion is correct. The County denies the remaining allegations of Paragraph 17.

14. Paragraph 18 of the Complaint requires no response.

15. The County admits the allegations contained in Paragraph 19 of the Complaint.

16. The County denies the allegations contained in Paragraphs 20, 21 and 22 of the Complaint.

17. Paragraph 23 of the Complaint requires no response.

18. The County denies the allegations contained in Paragraphs 24 and 25 of the Complaint.

19. Paragraph 26 of the Complaint requires no response.

20. The County denies the allegations contained in Paragraph 27 of the Complaint.

**FOR A SECOND DEFENSE AND COUNTERCLAIM**
(Breach of Contract)

21. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

22. In 2014, the County solicited Request for Proposals (RFPS) for a tax billing and collection software system.

23. The County received 3 responses to the RFP, one of which was from Tyler.

24. The RFP procedure considers many factors for purposes of awarding a contract.
25. Although Tyler had never contracted with any county in South Carolina for tax billing and collection software, Tyler had experience nationwide in the property tax assessment notices and Tyler assured the County that it could provide the software system to meet all state of South Carolina requirements and the unique needs of the County's tax billing and collection system.
26. The County had a committee to evaluate the proposals that were submitted and the committee recommended to Lexington County Council that the contract be awarded to Tyler and County Council approved the award of the contract to Tyler on June 26, 2014.
27. The cost of the contract was $1,994,554 and yearly maintenance costs and the software was to be completed within two years of the execution of the contract.
28. After execution of the contract, the parties met in July 14-18, July 21-24, July 28-31 and August 4-6, 2014 to discuss the scope of the work and Tyler was presented with detailed documentation for County, State, Department of Revenue, Department of Natural Resources and Department of Motor Vehicle which outlined the state requirements for tax billing and collection systems.
29. The scope of work requirements of the contract required Tyler to conduct system walk through of Tyler's software, iasWorld, so that the County could see how the County current business operation would be addressed by iasWorld but Tyler failed to include this analysis in the Gap fit analysis alleged in the complaint.
30. The refined Project scope document was created, presented and agreed upon by both parties December 12, 2014.
31. In 2016, Tyler made the initial delivery of a system and the end users (Lexington County Auditor and Treasurer) began testing and the results were that the system did not produce the needed results.
32. Tyler thereafter failed to install the iasWorld cashiering system until January 20, 2017.
33. Because of the continuous errors, the County extended the contract beyond the initial two-year contract period in order to allow Tyler to correct the errors.
34. To further assist Tyler Technologies, the Lexington County team updated the Business Requirement Documents ("BRDs") to assist Tyler Technologies to understand South Carolina and Lexington County tax laws and requirements. The rewrite provided

additional clarification; however, no new requirements were added, merely a clarification of the original requirements.  When the updates were delivered in 2018, the product again did not meet the requirements documented in the revised BRDs.

35. Lexington provided Tyler detailed system documentation, and business workflows for all aspects of their current business process.

36. Lexington agreed to move from a Tax Billing system to a Parcel-based system that creates bills (iasWorld).  Lexington County also agreed to change their allocation of cost and penalty to match iasWorld logic along with changing their Motor Vehicle valuation logic, parcel search criteria, tax bill notes, supplemental bill processing, refund processing and reporting.  However, the County was unwilling to accept recommended business process changes that would violate state law.

37. Lexington County Technology Services team did program the Data Conversion and no errors in the conversion code were identified.  All errors were in the specifications by Tyler.  298 documented specification changes were made by Tyler.

38. On August 27, 2021, the County sent a cure letter pursuant to Section 8(a) of the contract to Tyler that outlined seven specific software problem areas that needed to be corrected and demanded that Tyler provide the County a finished product as required by the terms of the contract.

39. The County sent another letter to Tyler on September 22, 2021 informing Tyler that the County would start testing the system on September 27, 2021.

40. The testing revealed errors continued to be found in the software system that include but are not limited to the following:
    1) DMV Web Services (Decal print, Receipting)
    2) Lockbox/Mortgage payments
    3) Homestead Exemptions
    4) Tax Bill print
    5) Tax Sale Redemption process
    6) General Ledger and Balancing Reports
    7) Local Government Report
    8) Refunds
    9) Tax Billing Property Type processing
        a. Aircraft
        b. County Business Personal Property
        c. State Business Personal Property
        d. Fee in Lieu of Taxes (FILOT)

      e. Manufacturing
      f. Exemptions
      g. Monthly Boats
      h. Real Estate
      i. Mobile Homes
10) TIF Processing.

41. Thereafter, the County sent Tyler a notice of termination for cause by letter, dated November 4, 2021.

42. The County has paid Tyler $2,386,811 since 2014 for a tax billing and collection system and maintenance of the system and Tyler has failed to produce a tax billing and collection system pursuant to the terms of the contract between the parties.

43. Tyler has materially breached the terms of the contract with the County by failing to provide the County with a tax billing and collection system pursuant to the specifications as required by the contract between the parties.

44. As direct and proximate result of the breach of contract by Tyler, the County has been damaged by paying Tyler for a tax billing and collection system and the maintenance of the system that does not meet the requirements of the contract in the amount of $2,386,811.

## FOR THIRD DEFENSE AND COUNTERCLAIM
(Attorney Fees)

45. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

46. Section 3.9.01 of the Request for Proposals, which is part of the contract between the parties, provides for the County to recover attorney fees if Tyler breached the contract and the County had to pursue recovery.

47. The County has incurred and will continue to incur attorney fees to defend the lawsuit from Tyler and to pursue the County's counterclaim against Tyler.

48. The County is entitled to a reasonable attorney fee and costs from Tyler as a result of the breach of contract by Tyler.

WHEREFORE, County, having answered the Complaint and alleged a Counterclaim asks for the following:

1. Dismissal of the Plaintiff's Complaint.

2. Award the County actual damages in the amount of $2,386,811 and reasonable attorney fees and costs pursuant to the Counterclaims.
3. Such other and further relief as the Court may determine.

<u>/s Jeff M. Anderson (Federal Bar #1084)</u>
DAVIS FRAWLEY, LLC
140 East Main Street, Lexington, SC  29072
Phone No.: (803) 359-2512
Attorneys for the Defendant Lexington County, South Carolina

__26th__  Day of August, 2022.