IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TYLER TECHNOLOGIES, INC., | ) | Civil Action No. 3:22-1991-CMC |
| Plaintiff, | ) | |
| v. | ) | **TYLER TECHNOLOGIES, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM** |
| LEXINGTON COUNTY, SOUTH CAROLINA, | ) | |
| Defendant. | ) | |

Plaintiff Tyler Technologies, Inc. ("Tyler") files this Answer to Defendant Lexington County, South Carolina's ("Lexington" or "the County") Counterclaim filed on August 26, 2022 and alleges the following:

### FOR A FIRST DEFENSE

1. Each and every allegation of the Counterclaim not hereinafter specifically admitted is denied. Tyler has not responded to paragraphs 1-21 in the County's Answer and Counterclaim, as those paragraphs constitute the County's answer to Tyler' Complaint and are not substantive allegations of the Counterclaim.

2. Tyler admits the allegation in paragraph 22 of the Counterclaim.

3. Tyler admits that it submitted a response to the County's Request for Proposal regarding a tax billing and collection software system, but is does not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 23 of the Counterclaim.

4. Tyler admits that the Request for Proposal outlined factors for purposes of awarding a contract, but does not have sufficient information or knowledge to admit or deny the remaining allegations in paragraph 24 of the Counterclaim. Tyler refers to the Request for

Proposal itself for the best evidence of what it provides and denies any allegation inconsistent with the document.

5. Tyler admits that it has experience nationwide with implementations of property tax billing and collection software, but otherwise denies the allegations in paragraph 25 of the Counterclaim.

6. Tyler is without sufficient information or knowledge to admit or deny the allegations in paragraph 26 of the Counterclaim.

7. Tyler denies the allegations in paragraph 27 of the Counterclaim.

8. Tyler admits that the parties met on multiple occasions to discuss the implementation and that information was provided by the County to Tyler, but Tyler otherwise denies the allegations in paragraph 28 of the Counterclaim.

9. Tyler denies the allegations in paragraph 29 of the Counterclaim.

10. Tyler denies the allegations in paragraph 30 of the Counterclaim.

11. Tyler denies the allegations in paragraph 31 of the Counterclaim.

12. Tyler denies the allegations in paragraph 32 of the Counterclaim.

13. Tyler denies the allegations in paragraph 33 of the Counterclaim.

14. Tyler denies the allegations in paragraph 34 of the Counterclaim.

15. Tyler denies the allegations in paragraph 35 of the Counterclaim.

16. Tyler denies the allegations in paragraph 36 of the Counterclaim.

17. Tyler denies the allegations in paragraph 37 of the Counterclaim.

18. Tyler admits that on August 27, 2021, the County sent a letter to Tyler and refers to that letter as the best evidence of its contents. Tyler denies the allegations in paragraph 38 of the Counterclaim to the extent they are inconsistent with the letter.

19. Tyler admits that on September 22, 2021, the County sent a letter to Tyler and refers to that letter as the best evidence of its contents. Tyler denies the allegations in paragraph 39 of the Counterclaim to the extent they are inconsistent with the letter.

20. Tyler denies the allegations in paragraph 40 of the Counterclaim.

21. Tyler admits that on November 4, 2021, the County sent a letter to Tyler and refers to that letter as the best evidence of its contents. Tyler denies the allegations in paragraph 41 of the Counterclaim to the extent they are inconsistent with the letter.

22. Tyler denies the allegations in paragraph 42 of the Counterclaim.

23. Tyler denies the allegations in paragraph 43 of the Counterclaim.

24. Tyler denies the allegations in paragraph 44 of the Counterclaim.

25. Tyler repeats the responses contained in the previous paragraphs as if fully repeated verbatim in response to paragraph 45 of the Counterclaim.

26. Tyler refers to the Request for Proposals as the best evidence of what it provides and denies the allegations in paragraph 46 of the Counterclaim to the extent they are inconsistent with the document.

27. Tyler is without sufficient information or knowledge to admit or deny the allegations in paragraph 47 of the Counterclaim.

28. Tyler denies the allegations in paragraph 48 of the Counterclaim.

29. Tyler denies the allegations in the WHEREFORE clauses on pages 5 and 6 of the Counterclaim.

## FOR A SECOND DEFENSE

30. The County's claims are barred by the doctrine of prior material breach.

## FOR A THIRD DEFENSE

31. The County's claim fails to state a claim upon which relief may be granted.

## FOR A FOURTH DEFENSE

32. The County's claim may be barred by the terms of agreements between the parties.

## FOR A FIFTH DEFENSE

33. Any recovery of damages sought by the County are barred or reduced as a result of the Plaintiff's entitlement to offset for damages caused to the Plaintiff by the County.

## FOR A SIXTH DEFENSE

34. Plaintiff alleges that to the extent the County has incurred any damages, which Plaintiff expressly denies, the County's damages may be limited by a contractual limitation on damages.

## FOR A SEVENTH DEFENSE

35. Any damages suffered by the County, which damages Plaintiff specifically denies, did not result, directly or indirectly, from any act or omission of Plaintiff. Such damages, if any, resulted from the County's own acts or omissions or the acts or omissions of persons other than Plaintiff, for which acts or omissions Plaintiff is in no way liable, and the County, therefore, is not entitled to recover from Plaintiff.

## FOR AN EIGHTH DEFENSE

36. The County's claim may barred by the doctrines of waiver, release, and/or estoppel.

## FOR A NINTH DEFENSE

37. The County's claim may be barred by its failure to mitigate its damages.

## FOR A TENTH DEFENSE

38. Plaintiff has not yet had an opportunity to conduct a sufficient investigation or to engage in adequate discovery regarding the County's allegations. Plaintiff gives notice that it intends to rely upon any other defenses that may become available and hereby reserves the right to amend this pleading to assert any additional defense.

## JURY TRIAL DEMAND

39. Plaintiff requests trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Tyler requests that this Court grant it judgment against the County denying all of the relief requested in the Counterclaim and award to Tyler:

(i).   Tyler's actual damages in excess of the minimum jurisdictional limits of this Court;

(ii).  the declaratory relief outlined above;

(iii). pre-judgment interest as may be provided by law;

(iv).  necessary and reasonable attorneys' fees and costs of court through trial and appeal of this action;

(v).   post-judgment interest at the highest lawful rate from the date of judgment until such judgment is satisfied; and

(vi).  such other and further relief to which Tyler may be entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **K&L GATES LLP** |
| Charleston, South Carolina<br>Dated: September 16, 2022 | /s/ *Tara C. Sullivan*<br>Tara C. Sullivan<br>Federal ID No. 11095<br>Email: tara.sullivan@klgates.com<br>134 Meeting Street<br>Suite 500<br>Charleston, SC  29401<br>Telephone: 843.579.5600<br>Facsimile: 843.579.5601<br><br>Beth W. Petronio (admitted pro hac vice)<br>Texas Bar No. 00797664<br>Email: beth.petronio@klgates.com<br>1717 Main Street<br>Suite 2800<br>Dallas, Texas 75201<br>Telephone: 214.939.5500<br>Facsimile: 214.939.5849<br><br>**ATTORNEYS FOR**<br>**TYLER TECHNOLOGIES, INC.** |