IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **TYLER TECHNOLOGIES, INC.,** | ) | Civil Action No. 3:22-cv-01991-CMC |
| Plaintiff, | ) | |
| v. | ) | |
| **LEXINGTON COUNTY, SOUTH CAROLINA,** | ) | **LOCAL RULE 26.03 RESPONSES OF TYLER TECHNOLOGIES, INC.** |
| Defendant. | ) | |

Pursuant to the Court's August 29, 2022 Conference and Scheduling Order (ECF No. 13), Federal Rule of Civil Procedure 26(f), and Local Civil Rule 26.03, Plaintiff Tyler Technologies, Inc. ("Tyler"), submits the following responses:

**1.     A short statement of the facts of the case.**

On June 26, 2014, Tyler and Lexington County, South Carolina (the "County" or "Lexington") entered into an Agreement for Software Services, whereby Tyler agreed to provide certain software and services to the County to implement Tyler's iasWorld Tax Standard billing and collection software. After extensive efforts to identify the requirements of the County's system, Tyler began implementation of the software system, with a targeted "go live" date of October 2021. After the project moved to the final testing stage, the County improperly and without legal justification purported to terminate the agreement. Tyler contends that the County's premature and improper termination was a breach of the parties' agreement. The County continues to owe Tyler $670,977 in unpaid invoices for work incurred per the agreement. The County has filed a counterclaim seeking return of the $2,386,811 it paid Tyler during the course of the agreement.

2.     **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

Tyler has not determined at this stage which witnesses it is likely to call to testify at trial and reserves the right to identify witnesses as discovery progresses and to call any witness named by any party to this case.

3.     **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Tyler is not currently aware of a need to name an expert witness, but reserves the right to do so after further investigation and discovery in this case.

4.     **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Tyler has asserted claims for breach of contract and unjust enrichment to recover the additional $670,977 owed for implementation work performed by Tyler. *See Manios v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, 389 S.C. 126, 146, 697 S.E.2d 644, 655 (Ct. App. 2010) ("To recover for a breach of contract, the plaintiff must prove: (1) a binding contract; (2) a breach of contract; and (3) damages proximately resulting from the breach."); *Dema v. Tenet Physician Services-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another.  Unjust enrichment is an equitable doctrine which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff.").  In addition, Tyler has sought a declaratory judgment confirming that it has performed its obligations consistent with the

parties' agreement and that the County's effort to terminate the agreement was improper. *See* 28 U.S.C. § 2201.

**5.    Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.):**

    **(a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

    **(b)    Completion of discovery.**

As set forth in the proposed Consent Amended Scheduling Order, Plaintiffs' Rule 26(a)(2) expert disclosures are proposed to be due on December 23, 2022, Defendants' Rule 26(a)(2) expert disclosures are proposed to be due on January 20, 2023 and discovery is proposed to be completed by April 14, 2023.

**6.    Any special circumstances that would affect the time frames applied in preparing the scheduling order.  *See generally* Local Civil Rule 16.02(C) (D.S.C.) (Content of Scheduling Order):**

The parties have agreed to amend the Scheduling Order in an effort to accommodate both parties' schedules as reflected in the proposed Consent Amended Scheduling Order. At this time, Tyler is not aware of special circumstances but reserves the right to notify the Court at a later date of such special circumstances as they arise.

**7.    Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

At this time, Tyler is not aware of any such additional information but reserves the right to notify the Court at a later date of such additional information as it arises.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **K&L GATES LLP** |
| Charleston, South Carolina<br>Dated: October 3, 2022 | /s/ *Tara C. Sullivan*<br>Tara C. Sullivan<br>Federal ID No. 11095<br>Email: tara.sullivan@klgates.com<br>134 Meeting Street<br>Suite 500<br>Charleston, SC  29401<br>Telephone: 843.579.5600<br>Facsimile: 843.579.5601<br><br>Beth W. Petronio (admitted pro hac vice)<br>Texas Bar No. 00797664<br>Email: beth.petronio@klgates.com<br>1717 Main Street<br>Suite 2800<br>Dallas, Texas 75201<br>Telephone: 214.939.5500<br>Facsimile: 214.939.5849<br><br>**ATTORNEYS FOR**<br>**TYLER TECHNOLOGIES, INC.** |