IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TYLER TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEXINGTON COUNTY, SOUTH ) <br> CAROLINA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 3:22-1991-CMC <br><br> LOCAL RULE 26.03 RESPONSES <br> OF LEXINGTON COUNTY, <br> SOUTH CAROLINA |

Pursuant to Local Rule 26.03, Defendant (Lexington County) submits the following responses:

(1) **A short statement of the facts of the case.**

This case is a breach of contract dispute. In 2014, Lexington County contracted with Plaintiff (Tyler) for Tyler to install and thereafter maintain a software system for tax billing and collection. Tyler alleges that it has complied with the terms of the Contract and is entitled to be paid the balance that they allege to be owed by Lexington County. Lexington County counterclaims that Tyler has breached the terms of the Contract by not providing a tax billing and collection system that complied with the terms of the Contract. Lexington County's counterclaim is for the amount paid to Tyler which is $2,386,811.00 and for attorney fees pursuant to the terms of the Contract.

(2) **The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

(A) Chris Harmon – Lexington County Auditor

possible other employees in the Auditor's office.

(B) Jim Eckstrom – Lexington County Treasurer

Angele McInchok and possible other employees in the County Treasurer's office.

1

    (C)    Mike Ujcich –Information Services – contracted service

    (D)    Lynn Sturkie – Lexington County Administrator

All of the above will testify as to the issues and problems with the software system that the Plaintiff attempted to install.

(3) **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

  None at this time.

(4) **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

Both parties claim the other party has breached the Contract. Both parties deny they have breached the Contract.

(5) **Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):**

    (a)    Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.

          N/A

    (b)    Completion of discovery.

          April 14, 2023

(6) **Any special circumstances that would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Civ. Rule 16.02 (C) D.S.C.) (Content of Scheduling Order).**

None

(7) **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.) or otherwise requested by the assigned judge.**

None

*(Signature page follows)*

<u>s/Jeff M. Anderson</u>  
Jeff M. Anderson (Fed. ID No. 1084)  
DAVIS FRAWLEY, LLC  
140 East Main Street, Lexington, SC  29072  
Phone No.: (803) 359-2512  
jeffanderson@oldcourthouse.com  
Attorneys for the Defendant Lexington County, South Carolina

Lexington, South Carolina

October 3, 2022